UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANDREW BOND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOREST SERVICE, et al., <br><br> Defendants. | Case No. 24-cv-03637-JSC <br><br> **ORDER RE: MOTION TO DISMISS AND/OR TRANSFER** <br><br> Re: Dkt. No. 18 |

Plaintiffs Paul A. Bond and Victoria Pike Bond ("the Bonds") sue the U.S. Forest Service ("the Forest Service") for its alleged negligence and taking of their property. (Dkt. No. 1.)[1] The Forest Service moves to dismiss the action in its entirety for lack of subject matter jurisdiction and improper venue, and in the alternative, asks the Court to transfer this case to the Eastern District of California. (Dkt. No. 18.) Having carefully reviewed the parties' briefing and with the benefit of oral argument on December 19, 2024, the Court substitutes the United States of America for defendant Forest Service, dismisses the Fifth Amendment claim, and transfers venue to the Eastern District of California.

**BACKGROUND**

**I.   Complaint Allegations**

Grizzly Flats is a small town east of Sacramento. "For over 20 years, the [Forest Service] knew that the extremely overgrown conditions of the El Dorado National Forest land that bordered the town of Grizzly Flats posed an exceptionally catastrophic wildfire danger." (*Id.* ¶ 12.) And despite congressional mandates to the contrary, the Forest Service "did very little to reduce the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    immense fire danger" in the area.  (*Id.*)  The Forest Service also failed to "correctly prioritize and

2    then complete fuel reduction," failed to maintain and mitigate the fire risk in the area, and

3    understaffed its personnel and equipment.  (*Id.* ¶¶ 13-18.)  These factors compounded to create the

4    circumstances where a preventable fire became a "large, complex, destructive Type I catastrophe"

5    in Grizzly Flats.  (*Id.* ¶ 20.)  The Bonds built and owned a home for several years in Grizzly Flats.

6    (Dkt. No. 1 ¶ 7.)

7         In 2021, the Caldor Fire blazed through the El Dorado National Forest, including through

8    Grizzly Flats, where it destroyed 440 of the 600 homes in the town, including the Bonds' home.

9    (*Id.* ¶¶ 8-9.)  The Bonds "monitored the fire online from [their other] home in the Bay Area."  (*Id.*

10   ¶ 9.)  Three weeks after the fire, the Bonds visited their Grizzly Flats property and saw the fire had

11   "destroyed everything, nothing was recoverable."  (*Id.* ¶ 10.)  After the Caldor Fire destroyed their

12   home, the Bonds submitted administrative forms with the Forest Service seeking recovery for the

13   damage the fire caused to their home.  (*Id.* ¶ 20.)  The Forest Service sent the Bonds formal claim

14   denial letters in December 2023.  (*Id.* at 43.)

## II.    Procedural Background

16        The Bonds filed this action in June 2024, six months after receiving the Forest Service's

17   denial letters.  (*Id.*)  The complaint brings a Fifth Amendment takings claim and a claim under the

18   Federal Tort Claims Act ("FTCA").  The Bonds allege eight subparts to their FTCA claim

19   designated as subparts "A-H," each alleging a different negligent act or omission:

20        (A) failure to adhere to mandatory fire management policies;

21        (B) failure to adhere to legislated mandates;

22        (C) failure to adhere to legislated mandates;

23        (D) failure to adhere to mandatory fire management policies & requirements;

24        (E) improperly managing the fire area in accordance with 2004 Sierra Nevada Forest Plan

25        Amendment (SNFPA) and the Trestle Forest Health Project;

26        (F) failure to effectively fight and assess the Caldor Fire;

27        (G) failure to provide mandated structure protection; and

28        (H) failure to call for a timely evacuation.

(Dkt. No. 1 at 23, 25, 26, 27, 29, 31, 35, and 36.)

The Forest Service moves under Federal Rules of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, under Rule 12(b)(3) for improper venue, and for lack of standing as to Subpart H. (Dkt. No. 18.) The Forest Service also moves to transfer venue to the Eastern District of California. (*Id.*)

The Bonds make several concessions in their motion to dismiss opposition. (Dkt. No. 20.) First, the Bonds do not oppose dismissal of their Fifth Amendment claim. (Dkt. No. 20 at 20 ("It is for all of these reasons that the Bonds will enter a "**No Opposition**" to the defendant's **Motion to Dismiss the Constitutional component**, and only the Constitutional component of our complaint.").) Second, the Bonds do not oppose dismissal of subpart H of their FTCA claim (failure to call for a timely evacuation) for lack of standing. (Dkt. No. 20 at 21 ("The Plaintiffs will enter a "**No Opinion**" to defendant's **Motion to Dismiss Subpart H of Plaintiffs' Negligence Claim (Failure to Call for a Timely Evacuation)**").)

So, the contested issues on this motion are whether the Bonds have sued the proper party under the FTCA such that the Court has subject matter jurisdiction, and whether the lawsuit should be transferred to the Eastern District of California.

## ANALYSIS

### I.     FTCA Proper Defendant

While the complaint's caption identifies the Forest Service, Forest Chief Randy Moore, and the United States Government as defendants, (Dkt. No. 1 at 1), the FTCA claim in the complaint's body names only the Forest Service. (*Id.* at 22 (naming only the Forest Service as the defendant liable for the FTCA claims).) The Forest Service argues sovereign immunity bars the claim against it and the United States of America is the proper defendant under the FTCA.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Waivers of sovereign immunity must be "unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 299 (1976). Further, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "The FTCA, a limited waiver of the

United States' sovereign immunity, provides that the United States shall be liable 'in the same manner and to the same extent as a private individual under like circumstances' under applicable state law." *Dugard v. United States*, 835 F.3d 915, 918-19 (9th Cir. 2016) (quoting 28 U.S.C. § 2674). But the FTCA only waives sovereign immunity when the United States and not an agency is the named defendant. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (holding "a claim against [an agency] in its own name is not a claim against the United States.")

At the motion hearing, the government stipulated to substitute the United States for the Forest Service as the named defendant on the FTCA claim. The Court therefore construes the complaint as filed against the United States, which is the proper FTCA defendant. The motion to dismiss the FTCA claim based on sovereign immunity is therefore moot.

**II.     Subpart H**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). A plaintiff must "show that she has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024). "Abstract injury is not enough." *Lyons*, 461 U.S. at 101.

Subpart H alleges Defendant "failed to invoke a timely evacuation order." (Dkt. No. 1 at 36.) In their complaint, the Bonds admit "#H did not impact us as we evacuated ourselves" prior to the fire reaching the home. (*Id.* at 37.) As the delayed evacuation order did not injure the Bonds, they do not have Article III standing to bring the claim. Subpart H of the FTCA claim is therefore dismissed without prejudice.

**III.    Venue**

Under 28 U.S.C. § 1402(b), FTCA actions can be prosecuted "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Defendant "does not dispute that the Northern District of California is a proper venue for Plaintiffs' negligence claim." (Dkt. No. 18 at 15.) It argues instead for transfer to the Eastern District under 28 U.S.C. § 1404(a).

Section 1404(a) grants courts discretion "[f]or the convenience of parties and witnesses, in the interest of justice," to transfer a civil action to another district "where it might have been brought." Courts decide motions for § 1404(a) transfer based on "'an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Courts may consider a number of non-exclusive factors, including:

> (1) the location where the relevant agreements were negotiated and executed,
>
> (2) the state that is most familiar with the governing law,
>
> (3) the plaintiff's choice of forum,
>
> (4) the respective parties' contacts with the forum,
>
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,
>
> (6) the differences in the costs of litigation in the two forums,
>
> (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and
>
> (8) the ease of access to sources of proof.

*Id.* at 498–99. The movant bears the burden to demonstrate proper venue exists in the transferee district and why the balance of factors justifies transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

This action may have been brought in the Eastern District of California because it is "wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Defendant bears the burden to show why the balance of factors justifies transfer.

**A. Contacts With the Northern District Versus the Eastern District**

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a § 1404(a) motion. *Southard v. Kipper Tool Company*, 15-cv-03621-JSC, 2023 WL 659145, at *4 (N.D. Cal. Oct. 19, 2023) (quoting *Grossman v. Johnson & Johnson*, No. 14-cv-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015)). And, while courts generally defer to a plaintiff's choice of forum, a court may give less deference to that

choice when "the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). "[I]n determining the appropriate amount of deference to accord plaintiff's choice of forum, courts consider the extent of the parties' contacts with the chosen forum, including contacts relating to the plaintiff's cause of action." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1041 (N.D. Cal. 2020) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).) The parties' contacts in the forum, and the location of events giving rise to the cause of action, are key considerations in determining whether transfer is proper. Indeed "[t]hree *Jones* factors center on the contacts between the parties, the cause of action, and the chosen forum." *Jackson v. Euphoria Wellness, LLC*, 20-cv-3297-CRB, 2020 WL 5366419, at *8 (N.D. Cal. Sept. 8, 2020).

      The Bonds' negligence claim centers on a property located in the Eastern District and its destruction following events that occurred in the Eastern District. The Bonds are Northern District residents, but the property at issue is in the Eastern District, and the Caldor Fire occurred in the Eastern District. The complaint alleged Defendant acted or failed to act in Grizzly Flats in the Eastern District, by failing to warn residents, failing to "reduce the very high fuel loads" in the town, and failing to implement other projects that would reduce the risk of large fires. (Dkt. No. 1 ¶¶ 24a-24b, 28f-28g.) Further, Defendant's Legal Administrative Specialist in the Budget and Finance Department attests "records relating to the Caldor Fire are largely located in the Eldorado National Forest headquarters in Placerville, CA" which is also in the Eastern District. (Dkt. No. 19 ¶ 3.) And the Forest Service "believes a substantial number of USFS personnel with information concerning fire prevention on the Eldorado National Forest and fire suppression work concerning the Caldor Fire have their worksites in or near the Eldorado National Forest." (*Id.* ¶ 5.)

      On balance, the "extent of the parties' contacts" with the Eastern District, and "that more of the relevant witnesses of the relevant witnesses and other sources of proof [are] located" there favor transferring venue. *Jones*, 211 F.3d at 499. The Bonds do not contest this point. They argue instead that fact discovery could be done anywhere because "this is the digital age," and even if records are mostly found in the Eastern District, they can "easily be transmitted

6

1 electronically." (Dkt. No. 20 at 24.) But records would still have to be accessed in the Eastern

2 District. The Bonds further allege the Forest Service's Vallejo Regional Office informed them, in

3 response to a Freedom of Information Act (FOIA) request, the location of documents relevant to

4 firefighter training "can be in multiple locations." (Dkt. No. 20 at 24.) Even if such documents

5 are "in multiple locations" that does not mean the Northern District is one such location, or even

6 that relevant training materials relating to the preparation for fires in the Eastern District are

7 outside the Eastern District.

8 These facts favor transferring the matter to the Eastern District. The Northern District has

9 no significant ties to the present suit and none of the key facts occurred or relate to this forum.

10 The minimal contacts with the Northern District "relating to the [Bonds'] cause of action" weigh

11 against granting dispositive deference to their choice of forum. *Epic Games*, 435 F. Supp. 3d at

12 1041. Instead, the location of witnesses and documents, and the relevant contacts, all weigh in

13 favor of transfer.

### B. Interests of Justice

15 Some courts have found "[t]he 'interests of justice' consideration is the most important

16 factor a court must consider, and may be decisive in a transfer motion." *Gerin v. Aegon USA, Inc.*,

17 No. C06-5407 SBA, 2007 WL 1033472, at 6 (N.D. Cal. Apr. 4, 2007). One major consideration

18 for this factor "is the desire to avoid multiplicity of litigation from a single transaction," since

19 "'[t]o permit a situation in which two cases involving precisely the same issues are simultaneously

20 pending in different District Courts leads to the wastefulness of time, energy and money that §

21 1404(a) was designed to prevent.'" *Id.* (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S.

22 19, 26 (1960)).

23 Defendant argues the risk of multitudinous litigation across districts favors transfer, since it

24 has received "well over two hundred administrative FTCA claims alleging that the Forest Service

25 was negligent in its response to the Caldor Fire." (Dkt. No. 19 ¶ 6.) However, Defendant

26 identifies only one other active litigation against the United States involving the Caldor Fire.

27 (Dkt. No. 18 at 9 (noting *Bullivant v. USA*, No. 24-cv-01883-DJC-CSK (E.D. Cal.) is currently

28

7

pending.)² Though the Bonds contend, based on their "familiarity with the population, there will be *no additional* Pro Se submitters or otherwise," (Dkt. No. 20 at 25), the Court cannot assume no other action will be initiated given the multitude of administrative claims surrounding the same incident. But, since only one case is currently pending in the Eastern District, and there is no evidence any of the other 200 complainants have sued, the interest in avoiding multiplicity of litigation does not weigh in favor of either party.

Finally, the Bonds acknowledge they chose to sue in the Northern District to access pro se resources. (Dkt. No. 20 at 21-23.) One court has found availability of "pro se help by pro bono attorneys" is "not appropriate" to consider in a § 1404(a) inquiry. *Clark v. VIP Petcare*, N22-cv-08935-AMO, 2023 WL 8459928, at *6 fn. 7 (N.D. Cal. Dec. 6, 2023). Another court has found "this factor is neutral." *White v. Albertelli*, 21-cv-03390-PAB-KLM, 2022 WL 2115345, at *3 (D. Colo. June 13, 2022). Regardless, the Bonds note they would still have access to some pro se resources in the Eastern District, though these resources are more limited. (*Id.* at 21-22.) Further, they do not contend they cannot afford representation, rather that they cannot find representation and that representation would be costly. (*Id.*) Because Defendant bears the burden of showing transfer of venue is warranted, this factor is neutral.³

\*\*\*

This case involves a fire in the Eastern District, the loss of property in the Eastern District, and whether conduct—or the lack of conduct—in the Eastern District caused the destruction of the property. Relevant witnesses and records are also mostly located in the Eastern District. While the Bonds reside here, the Eastern District is not so far they cannot conveniently litigate there; indeed, prior to the tragic loss of their home, they regularly travelled to the Eastern District. So, on balance, after considering the interests of justice, convenience to the parties and witnesses, and fairness, the Court in its discretion determines transfer to the Eastern District of California is

---

² The named defendants in the *Bullivant* case, which include Fire Chief Moore and the Forest Service, answered the complaint and were ordered to meet and confer regarding a further case schedule. *Bullivant v. USA*, No. 24-cv-01883-DJC-CSK, Dkt. Nos. 8, 12 (E.D. Cal.).
³ The Bonds will still have access to the Northern District's Pro Se Handbook and other online resources regardless of where the case proceeds.

1 warranted.

## CONCLUSION

For the above reasons,

1. The Fifth Amendment claim is DISMISSED without leave to amend.
2. The United States is substituted for the Forest Service as the defendant in this case, so the motion to dismiss the FTCA claims is DENIED as MOOT.
3. The motion to dismiss Subpart H of the FTCA claim is GRANTED without leave to amend, but also without prejudice.
4. Defendant's motion to transfer venue to the Eastern District is GRANTED.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: December 20, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge